IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CARL STRAUB, JR.,                   )   Civ. No. 23-00214 HG-WRP
                                    )
         Plaintiff,                 )
                                    )
    vs.                             )
                                    )
THE ASSOCIATION OF APARTMENT        )
OWNERS OF WAILEA EKAHI;             )
CAROLYN ANTHONY; DAVID BERMAN;      )
ROBERT CURRAN; RICHARD              )
LINDSETH; DAN MCKENNA; CATHY        )
O'DONOHUE,                          )
                                    )
         Defendants.                )
_____ )

**ORDER GRANTING DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF
WAILEA EKAHI, CAROLYN ANTHONY, DAVID BERMAN, ROBERT CURRAN,
RICHARD LINDSETH, DAN MCKENNA, AND CATHY O'DONOHUE'S MOTION TO
COMPEL ARBITRATION AND STAY LITIGATION (ECF No. 27)**

Plaintiff Carl Straub, Jr. filed a Complaint against

Defendants the Association of Apartment of Owners of Wailea Ekahi

("AOAO"), its general manager Cathy O'Donohue, and five of the

AOAO Board of Directors: Carolyn Anthony, David Berman, Robert

Curran, Richard Lindseth, and Dan McKenna.

The Complaint alleges that Plaintiff is an owner of a

condominium in the Wailea Ekahi complex and was a former

President of the AOAO.

Plaintiff claims the Defendants published written and verbal

communications that falsely stated that Plaintiff performed

improper alterations in his condominium unit in violation of the

1

AOAO house rules.  The Complaint also alleges the Defendants falsely stated that the Plaintiff orchestrated an improper kickback scheme with a general contractor who performed work on behalf of the AOAO when Plaintiff was President.

Plaintiff claims that as a result of the alleged false statements he was removed as the President of the AOAO.  He claims the purportedly false statements caused injury to his personal reputation and to his professional reputation as an attorney.

The Complaint alleges the following Hawaii state law claims against the Defendants:

(1)  Defamation: Libel;

(2)  Defamation: Slander;

(3)  Defamation: False Light;

(4)  Breach of Fiduciary Duty;

(5)  Negligence;

(6)  Civil Conspiracy.

Defendants filed a Motion to Compel Arbitration and to Stay Litigation on behalf of all of the Defendants.  Defendants assert that Plaintiff's Complaint is subject to mandatory arbitration pursuant to the AOAO's governing documents and Haw. Rev. Stat. § 514B-162 of the Hawaii Condominium Property Act.

Plaintiff concedes that Section 514B-162 applies to his Complaint, but he argues that his Complaint is subject to an

exception to the mandatory arbitration provision set forth in
Haw. Rev. Stat. § 514B-162(b)(6), which exempts "personal injury
claims" from mandatory arbitration.

Defendants' Motion to Compel Arbitration and Stay Litigation
(ECF No. 27) is **GRANTED.**

Proceedings are **STAYED** pending arbitration.

## PROCEDURAL HISTORY

On May 16, 2023, Plaintiff filed a Complaint.  (ECF No. 1).

On June 26, 2023, Defendants filed DEFENDANT ASSOCIATION OF
APARTMENT OWNERS OF WAILEA EKAHI, CAROLYN ANTHONY, DAVID BERMAN,
ROBERT CURRAN, RICHARD LINDSETH, DAN MCKENNA, AND CATHY
O'DONOHUE'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION.
(ECF No. 27).

On July 20, 2023, Plaintiff filed his Opposition.  (ECF No.
31).

On August 7, 2023, Defendants filed their Reply.  (ECF No.
35).

The Court elects to decide the matter without a hearing
pursuant to District of Hawaii Local Rule 7.1(c).

## BACKGROUND

Plaintiff Carl Straub, Jr. alleges that he is an owner of a
condominium unit at the Wailea Ekahi condominium development.

3

(Complaint at ¶ 17, ECF No. 1).  Plaintiff asserts he was elected to the Association Board of Directors in 2020 and was appointed Board President in 2021.  (Id.)

Plaintiff claims that in August 2022, while he was Board President, he engaged a contractor to make minor repairs to his unit.  (Id. at ¶ 19).  Plaintiff claims the contractor began work around August 15, 2022, and completed the work about August 22, 2022.  (Id.)

The Complaint alleges that, during the repair work, the general manager of the condominium complex, Defendant Cathy O'Donohue, trespassed into Plaintiff's unit without permission and took photographs of the work.  (Id. at ¶¶ 1, 21).

Plaintiff alleges that Defendant O'Donohue "then falsely stated to certain Association directors, and to certain Wailea Ekahi owners and residents, that [Plaintiff] had failed to obtain required approvals from herself and/or the Board before undertaking major renovations at his unit."  (Id. at ¶ 22).

According to the Complaint, Defendant O'Donohue "further stated that Plaintiff had illicitly arranged for a general contractor acquaintance to acquire hundreds of thousands of dollars' worth of contract business from the Association, and furthermore represented and/or implied that Plaintiff had received kickbacks in connection with these contracts.  All such statements and innuendos were entirely false."  (Id. at ¶ 24).

4

Plaintiff claims the Board Members of the Association of Apartment Owners ("AOAO") of the Wailea Ekahi, including Defendants Carolyn Anthony, David Berman, Robert Curran, Richard Lindseth, and Dan McKenna "commenced their secret meetings and defamatory communications about Plaintiff" and began an investigation into Plaintiff's actions.  (Id. at ¶ 28).

The Complaint asserts that an investigative report by the Board's Legal Subcommittee determined that Plaintiff did not violate any of the AOAO's policies.  (Id. at ¶ 30).  Plaintiff alleges, however, that the AOAO Board Defendants "continued at [an] October 19, 2022 meeting to make false and defamatory statements about Plaintiff."  (Id. at ¶ 34).

Plaintiff claims that the AOAO Board later voted to remove him as Board President.  (Id. at ¶ 36).

The Complaint seeks damages for the alleged "false and defamatory statements and/or innuendos" made about Plaintiff by the Defendants.  Plaintiff claims the publication of these statements caused "special harm to Plaintiff by damaging his reputation as a Board member and as a Wailea Ekahi community member, leading to the Board Member Defendants' ouster of Plaintiff from his position as Board President, and damaging his reputation in the community and as an attorney."  (Id. at ¶ 48).

5

**STANDARD OF REVIEW**

"A motion to compel arbitration may properly be brought pursuant to [Federal Rule of Civil Procedure] 12(b)(1)." Ryan v. Salisbury, 2019 WL 2111514, *3 (D. Haw. May 14, 2019) (citing Daley v. CVS Pharmacy, Inc., 727 Fed. Appx. 377, 378 (9th Cir. 2018)).  A 12(b)(1) motion challenges the federal district court's jurisdiction or authority to adjudicate a case or controversy.  Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

The Court may properly consider documents outside the pleadings in order to decide whether to compel arbitration. Xinhua Holdings Ltd. v. Elec. Recyclers Int'l, Inc., 2013 WL 6844270, at *5 (E.D. Cal. Dec. 26, 2013) (collecting cases).

**ANALYSIS**

**I.   Applicable Law**

The Complaint asserts the Court has subject-matter jurisdiction pursuant to diversity jurisdiction, 28 U.S.C. § 1332.  (Complaint at ¶ 14, ECF No. 1).

Pursuant to Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.  In re Exxon Valdez, 484 F.3d 1098, 1100 (9th Cir. 2007) (citing Freund v. Nycomed Amersham, 347 F.3d 752, 761 (9th Cir. 2003)).

Defendants' Motion to Compel Arbitration cites to both the Federal Arbitration Act and Hawaii's Uniform Arbitration Act as the substantive law of this case.  (Def.'s Motion at p. 7, ECF No. 27-1).

The Federal Arbitration Act, however, is limited to "any maritime transaction or a contract evidencing a transaction involving commerce."  9 U.S.C. § 2.  "Commerce" is defined as "commerce among the several states or with foreign nations."  9 U.S.C. § 1; see Goldstein v. Hawaii Med. Serv. Ass'n, 297 F.Supp.2d 1259, 1263 (D. Haw. 2003) (explaining that the Federal Arbitration Act only applies to a contract or transaction involving maritime or interstate commerce).

Here, the dispute does not involve a contract or a transaction involving interstate commerce.  This case involves a dispute by a condominium unit owner against the condominium complex's general manager, the association of apartment owners, and several of its board members.

Disputes regarding real property, even if they involve a transaction between parties from two different states, do not involve "commerce" within the meaning of the Federal Arbitration Act.  SI V, LLC v. FMC Corp., 223 F.Supp.2d 1059, 1062 (N.D. Cal. 2002) (finding a contract to purchase real property between entities from two different states did not involve commerce for

purposes of the Federal Arbitration Act); <u>see also</u> <u>Cecala v.</u>
<u>Moore</u>, 982 F.Supp. 609, 611-12 (N.D. Ill. 1997).

The Federal Arbitration Act does not apply here.  Hawaii
state law, including Hawaii's Uniform Arbitration Act, Haw. Rev.
Stat. § 658A-1 <u>et</u> <u>seq.</u>, and Hawaii's Condominium Property Act,
Haw. Rev. Stat. § 514B-1 <u>et</u> <u>seq.</u>, is the applicable substantive
law in this case.

**II.  Hawaii's Uniform Arbitration Act Provides The Substantive Law In This Case**

**A.   Agreement To Arbitrate**

Hawaii has adopted the Uniform Arbitration Act, which is
codified in Hawaii Revised Statutes, Chapter 658A.  Hawaii law
recognizes a strong public policy in favor of arbitration and,
where there is an agreement to arbitrate, the court's powers are
limited as set forth in Chapter 658A of the Haw. Rev. Stat.
<u>Ventress v. Airlines</u>, 2007 WL 9711004, *5-*6 (D. Haw. June 6,
2007).

An agreement to arbitrate is "valid, enforceable, and
irrevocable except upon a ground that exists at law or in equity
for the revocation of a contract."  Haw. Rev. Stat. § 658A-6(a).

If a party refuses to arbitrate, Section 658A-7(a) of the
Hawaii Uniform Arbitration Act provides that upon a motion by a
party, "the court shall proceed summarily to decide the issue and

order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."  Haw Rev. Stat. § 658A-7(a)(2).

To evaluate a motion to compel arbitration, the court is limited to answering two questions:

> (1)   whether there is a valid agreement to arbitrate between the parties; and
>
> (2)   whether the dispute falls within the scope of that agreement.

Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1192 (Haw. 2006).

## B.   The Condominium's Governing Documents Constitute An Agreement To Arbitrate

The question of whether there is a valid agreement to arbitrate a particular dispute is a matter of state contract law. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

Here, Article X, Section 21(b), of the Third Restated Bylaws of the Association of Apartment Owners of Wailea Ekahi ("AOAO Bylaws"), which were recorded on February 19, 2019, provides the basis for the Parties' agreement to arbitrate the dispute.  The AOAO Bylaws provide, as follows:

> Except as provided in Section 514B-162 of the Act, at the request of any party any dispute concerning or involving one or more Apartment Owners and the Association, the Board, or the managing agent or one or more Apartment Owners relating to the interpretation,

9

> application, or enforcement of the Act, the
> Declaration, these Bylaws or the Rules and Regulations
> shall be submitted to arbitration pursuant to the
> provisions of said Section 514B-162.

(AOAO Bylaws, attached as Ex. B to Def.'s Motion, ECF No. 27-5).

Plaintiff does not dispute that Article X, Section 21(b), of the AOAO Bylaws is a valid agreement to arbitrate between the Parties.

Plaintiff, however, challenges the scope of the agreement to arbitrate. Plaintiff asserts that the dispute here falls outside the scope of that agreement. Plaintiff claims that an exception to the mandatory arbitration provision applies.

## C.   The Scope of The Parties' Agreement To Arbitrate

What issues, if any, are beyond the scope of a contractual agreement to arbitrate depends on the wording of the contractual agreement to arbitrate. Haw. Med. Ass'n, 148 P.3d at 1194. Courts construe the agreement as a whole and determine its meaning "from the entire context and not from any particular word, phrase, or clause." Hawaiian Isles Enters., Inv. v. City & Cnty. of Honolulu, 879 P.2d 1070, 1074 (Haw. 1994).

The AOAO Bylaws state that disputes between Apartment Owners and the AOAO Board shall be subject to arbitration if such disputes are required to be arbitrated pursuant to the Hawaii Condominium Property Act, Haw. Rev. Stat. § 514B-162.

Section 514B-162 of the Hawaii Condominium Property Act provides, in pertinent part:

**§ 514B-162. Arbitration.**

> (a)   At the request of any party, any dispute concerning or involving one or more unit owners and an association, its board, managing agent, or one or more other unit owners relating to the interpretation, application, or enforcement of this chapter or the association's declaration, bylaws, or house rules adopted in accordance with its bylaws shall be submitted to arbitration....

Section 514B-162(a) of Hawaii's Condominium Property Act applies to this matter as it arises from a dispute between Plaintiff, an apartment owner and former president of the AOAO, against the AOAO, the manager of the condominium complex, and several members of the AOAO Board.

Plaintiff makes two separate arguments that the mandatory arbitration provision does not apply.

<u>First</u>, Plaintiff argues that his Complaint consists of "personal injury claims" which are exempted from mandatory arbitration pursuant to Haw. Rev. Stat. § 514B-162(b)(6).

<u>Second</u>, Plaintiff argues that his Complaint is unsuitable for arbitration pursuant to Section 514B-162(c).

## III. The Exception To Mandatory Arbitration Pursuant To Haw. Rev. Stat. § 514B-162(b)(6) For "Personal Injury Claims"

Hawaii's Condominium Property Act exempts certain "actions" and "claims" from arbitration as set forth in Section 514B-

11

162(b).  <u>McKernan v. Ass'n of Apartment Owners of Kamaole Sands</u>, 514 P.3d 340, *3 (Haw. App. Aug. 8, 2022) (ruling that the plain language of Haw. Rev. Stat. 514B-162(b)(4) is clear and unambiguous and explaining that the statute exempts certain "actions" meaning the entire suit as well as some "claims" which are matters within an action or suit).

Haw. Rev. Stat. § 514B-162(b), provides:

> (b)  Nothing in subsection (a) shall be interpreted to mandate the arbitration of any dispute involving:
>
> (1)  The real estate commission;
>
> (2)  The mortgagee of a mortgage of record;
>
> (3)  The developer, general contractor, subcontractors, or design professions for the project....
>
> (4)  Actions seeking equitable relief involving threatened property damage or health or safety of unit owners or any other person;
>
> (5)  Actions to collect assessments which are liens or subject to foreclosure....
>
> **(6)  Personal injury claims**;
>
> (7)  Actions for amounts in excess of $2,500 against an association, a board, or one or more directors, officers, agents, employees, or other persons if insurance coverage under a policy or policies procured by the association or its board would be unavailable because action by arbitration was pursued; or
>
> (8)  Any other cases which are determined, as provided in subsection (c), to be

> unsuitable for disposition by
> arbitration.

Haw. Rev. Stat. § 514B-162(b) (emphasis added).

Plaintiff relies on subsection (6) for "personal injury claims" and argues that his Complaint consists of personal injury claims that are exempted from mandatory arbitration.

### A.   Personal Injury Claims Seek Damages For Physical And Mental Harm

The fundamental starting point for statutory interpretation is the language of the statute itself.  Barker v. Young, 528 P.3d 217, 221 (Haw. 2023).

Here, the term "personal injury claims" in Haw. Rev. Stat. § 514B-162(b)(6) is not defined in the statute.

Hawaii law provides that where the statutory language is plain and unambiguous, the court's duty is to give effect to its plain and obvious meaning.  Barker, 528 P.3d at 221.

If there is ambiguity in the statute, the court examines the context of the statute and "may resort to extrinsic aids in determining legislative intent, such as legislative history, or the reason and spirit of the law."  Barker, 528 P.3d at 221.

### 1.   The Hawaii Supreme Court's Ruling In Nakamoto v. Kawauchi, 418 P.3d 600, 611 (Haw. 2018) Ruled That Claims For Reputational Injury Are Not "Personal Injury" Claims

In <u>Nakamoto v. Kawauchi</u>, 418 P.3d 600, 611 (Haw. 2018), the Hawaii Supreme Court analyzed the term "personal injury" in the context of the Hawaii Workers' Compensation Statute, Haw. Rev. Stat. § 386-3.  To determine whether a claim is a "personal injury" claim, the Hawaii Supreme Court analyzed the types of damages that are sought.  <u>Id.</u> at 610-13.  The Court concluded that personal injury claims seek compensation for physical and mental injuries.  <u>Id.</u> at 612-13.  The Hawaii Supreme Court ruled that defamation, libel, and false light do not inflict personal injury because of the nature of the damages sought by such claims.  <u>Id.</u>  The Court explained that "the purpose of defamation actions is to provide compensation for harm to reputation, and because a reputational injury is not a 'personal injury,'" the Hawaii Supreme Court ruled that the torts of defamation and false light are not personal injury claims.  <u>Id.</u>

## 2.  Plaintiff's Complaint Seeks Damages For Reputational Injury

Here, Plaintiff's Complaint asserts the following causes of action against Defendants the AOAO, the AOAO's general manager, and several AOAO Board Members:

(1)  Defamation: Libel;

(2)  Defamation: Slander;

(3)  Defamation: False Light;

(4)  Breach of Fiduciary Duty;

14

(5)   Negligence;

(6)   Civil Conspiracy.

(Complaint at pp. 11-18, ECF No. 1).

Plaintiff claims that Defendant Cathy O'Donohue, who was the general manager of the AOAO, made false and defamatory statements against Plaintiff.  Specifically, Plaintiff alleges that Defendant O'Donohue stated that, "Plaintiff had was [sic] making alterations to his Wailea Ekahi unit without getting the required approvals, and in representing that Plaintiff took advantage of his position of Board president in so doing."  (Complaint at ¶ 40, ECF No. 1).

Plaintiff claims that Defendant O'Donohue stated that Plaintiff "had illicitly arranged for a general contractor acquaintance to acquire hundreds of thousands of dollars' worth of contract business from the Association, and furthermore stated and/or implied that Plaintiff had received kickbacks in connection with such contracts."  (Id. at ¶ 41).

Plaintiff claims that the AOAO Board Member Defendants repeated the purported false and defamatory statements and "imputed Plaintiff's fitness to perform his duties as Association Board President" and "also imputed Plaintiff's fitness to perform his duties as a practicing attorney and tend to prejudice him in his pursuit of his legal career because integrity and honesty are necessary qualities for the practice of law."  (Id. at ¶¶ 44-46).

15

**B.   Plaintiff's Claims Seek Damages For Reputational Injuries Which Are Not "Personal Injury Claims" Within The Meaning Of Haw. Rev. Stat. § 514B-162(b)(6)**

**1.   The Hawaii Supreme Court's Analysis In <u>Nakamoto</u> Controls**

The Hawaii Supreme Court's analysis in <u>Nakamoto</u> is particularly instructive even though it involved a different statute within Hawaii statutory law.  The Hawaii Revised Statutes require laws <u>in</u> <u>pari</u> <u>materia</u>, or upon the same subject matter, to be construed with reference to each other, because "[w]hat is clear in one statute may be called in aid to explain what is doubtful in another."  Haw. Rev. Stat. § 1-16; <u>Richardson v. City & Cnty. of Honolulu</u>, 868 P.2d 1193, 1202 (Haw. 1994).

In <u>Nakamoto</u>, the Hawaii Supreme Court focused on the type of damages sought in the complaint in order to determine the scope of the term "personal injury."  <u>Nakamoto</u>, 418 P.3d at 611-13. The nature of Plaintiff Straub's claimed damages in this case is reputational harm.  The Court in <u>Nakamoto</u> held that a "reputational injury is **not** a 'personal injury.'" <u>Id.</u> at 612 (emphasis added).

Other provisions in the Hawaii Revised Statutes support the conclusion that defamation-type claims are not personal injury claims.  The Hawaii Revised Statutes treats claims seeking damages for harm to reputation differently than it treats claims

16

seeking damages for physical harm to persons.  The statute of limitations for "libel and slander" is provided in Haw. Rev. Stat. § 657-4, which is separate and distinct from the statute of limitations for "damage to persons or property" provided in Haw. Rev. Stat. § 657-7.

The Restatement 2d of Conflict of Laws also supports the conclusion that claims seeking damages for reputational harm are not claims seeking damages for personal injury.  Comment (b) in the Restatement regarding claims for "personal injury" provides:

> As here used, a "personal injury" may involve either physical harm or mental disturbance, such as fright and shock, resulting from physical harm or from threatened physical harm or other injury to oneself or to another. **On the other hand, injuries to a person's reputation** or the violation of a person's right of privacy **are not "personal injuries"** in the sense here used.

Restatement 2d of Conflicts of Laws § 146, comment (b) (May 2023) (emphasis added).

None of Plaintiff's causes of action seek damages for physical injuries.  Rather, Plaintiff's Complaint is limited to damages for reputational injury, particularly based on purported harm to Plaintiff's reputation as an attorney.

### 2.	Plaintiff's Reliance on <u>McKernan v. Association of Apartment Owners of Kamaole Sands</u>, 514 P.3d 340 (Haw. App. Aug. 8, 2022) Is Misplaced

Plaintiff cites <u>McKernan v. Association of Apartment Owners of Kamaole Sands</u>, 514 P.3d 340 (Haw. App. Aug. 8, 2022), an

unpublished case from the Hawaii Intermediate Court of Appeals, in support of his argument that his Complaint is exempted from mandatory arbitration.

Plaintiff's reliance on McKernan is misplaced.  McKernan did not involve "personal injury claims" as set forth in Haw. Rev. Stat. § 514B-162(b)(6).  Importantly, McKernan involved an exception to mandatory arbitration for "**Actions** seeking equitable relief involving threatened property damage or the health or safety of unit owners or any other person" set forth in Haw. Rev. Stat. § 514B-162(b)(4) (emphasis added).  In McKernan, the plaintiffs sued their condominium association for declaratory relief where they alleged raw sewage was coming out of fixtures and drains.

The Hawaii Intermediate Court of Appeals found that the entire action was exempted from mandatory arbitration due to the nature of the language in the statute.  The appellate court made clear in McKernan that the term "**action**" as used in Section 514B-162(b)(4) had entirely different application than the term "**claim**" as used in Section 514B-162(b)(6).  McKernan, 514 P.3d 340 at *3.

Plaintiff inaccurately uses the term "personal injury actions" in his Opposition while relying on McKernan.  (See Pl.'s Opp. at p. 8, ECF No. 31).  As the Hawaii Intermediate Court of Appeals explained, the term "action" is synonymous with an entire

18

suit, as opposed to a "claim," which might be prosecuted within an action or suit.  <u>McKernan</u>, 514 P.3d at *3.  The consequences of the use of the two different terms are important.  As the Hawaii appellate court found, an "action" that seeks equitable relief for threatened damage to health or safety may be excused from mandatory arbitration in its entirety, whereas an exemption that uses the term "claims" may only be excused on a claim by claim basis.  <u>Id.</u> at *3-*4.

Here, Plaintiff seeks to invoke the exception for "personal injury claims" as used in Haw. Rev. Stat. § 514B-162(b)(6).  The ruling <u>McKernan</u> on the term "action" in Section 514B-162(b)(4) is not applicable to Plaintiff's Complaint.  In addition, Plaintiff does not seek relief involving threatened property damage to the health or safety of unit owners.  Plaintiff's Complaint asserts various claims seeking damages for reputational harm.  None of Plaintiff's claims seek damages for personal injury.  None of the claims in Plaintiff's Complaint are exempt from mandatory arbitration.

Plaintiff also relies on an earlier Hawaii Supreme Court case in <u>TMJ Haw., Inc. v. Nippon Tr. Bank</u>, 153 P.3d 444, 450 (Haw. 2007) regarding the assignability of certain claims.  In <u>TMJ Haw. Inc.</u>, the Hawaii Supreme Court found that "personal" claims included claims for defamation.  The Hawaii Supreme Court, however, analyzed <u>TMJ Haw. Inc.</u> in its later ruling in <u>Nakamoto</u>

19

in 2018.   In <u>Nakamoto</u>, the Hawaii Supreme Court rejected the defendants' reliance on <u>TMJ Haw. Inc.</u> in the context of the workers' compensation statute.   The Hawaii Supreme Court explained that the context and purpose of the statute dictated the outcome.   The Court ruled that to determine if a claim was a "personal injury" claim, the analysis required examination of the harm and type of damages sought.

Just as here, the nature of the harm dictates the outcome of whether Plaintiff has asserted "personal injury claims."   The Complaint demonstrates that Plaintiff is seeking damages for reputational harm based on defamation, libel, and false light theories.   Such claims are not personal injury claims.   <u>Nakamoto</u>, 418 P.3d at 612.

### 3. The Context and Legislative History Of Hawaii's Condominium Property Act Support Compelling Arbitration Of Plaintiff's Complaint

Even if Plaintiff sought damages for mental injuries as a result of the alleged reputational harm, such a request does not alter the analysis.   The same argument was raised in <u>Nakamoto</u>. The Hawaii Supreme Court ruled that the "fact that damages for mental anguish and suffering may also be recovered in a defamation action does not change [the] conclusion."   <u>Nakamoto</u>, 418 P.3d at 613-14.

The legislative history of the Hawaii Condominium Property Act reinforces the concept that the purpose of the statute is to "mandate that internal disputes involving owners of a condominium, the association of owners, the board of directors, and the managing agent be settled by arbitration."  Act 107, S.B. No. 1815-84 Session Laws of Hawaii (1984); <u>see</u> also Act 124, H.B. No. 285, Session Laws of Hawaii (1987).

The legislative history does not support a broad reading of "personal injury claims."  The intention of the Hawaii legislature was to mandate that internal disputes between condominium owners and their boards or associations shall be subject to arbitration with few exceptions.  The Hawaii legislature continues to favor alternative dispute resolution of claims between condominium owners and its associations or board. <u>See</u> Act 196, H.B. No. 1874, Session Laws Hawaii (2018), adding Section 514B-162.5 regarding voluntary binding arbitration.

Plaintiff's Complaint does not allege "personal injury claims" within the meaning of Haw. Rev. Stat. § 514B-162(b)(6). Plaintiff's claims seek damages for reputational harm.  Such claims are not personal injury claims.  <u>Nakamoto</u>, 418 P.3d at 612.

**IV.   Plaintiff's Complaint Is Suitable For Arbitration Pursuant to Haw. Rev. Stat. § 514B-162(c)**

Plaintiff also argues that his Complaint is not subject to mandatory arbitration as required by Haw. Rev. Stat. § 514B-162(a), because his Complaint is "unsuitable" for arbitration pursuant to Haw. Rev. Stat. § 514B-162(c).

Haw. Rev. Stat. § 514B-162(c), provides, as follows:

(c)   At any time within twenty days of being served with a written demand for arbitration, any party so served may apply to the circuit court...for a determination that the subject matter of the dispute is unsuitable for disposition by arbitration.  In determining whether the subject matter of a dispute is unsuitable for disposition by arbitration, a court may consider:

(1)   The magnitude of the potential award, or any issue of broad public concern raised by the subject matter underlying the dispute;

(2)   Problems referred to the court where court regulated discovery is necessary;

(3)   The fact that the matter in dispute is a reasonable or necessary issue to be resolved in pending litigation and involves other matters not covered by or related to this chapter;

(4)   The fact that the matter to be arbitrated is only part of a dispute involving other parties or issues which are not subject to arbitration under this section; and

(5)   Any matters of dispute where disposition by arbitration, in the absence of complete judicial review, would not afford substantial justice to one or more of the parties....

22

Haw. Rev. Stat. § 514B-162(c).

The factors set forth in Section 514B-162(c)(1)-(5) support a finding that Plaintiff's Complaint is suitable for arbitration.

There is no demonstration that the magnitude of any potential award would be of broad public concern.  This is not a class action, a case involving large media attention, or a case of public concern.

There is no basis to find that regulated discovery would be necessary here, that this matter impacts other litigation, or that it includes matters not covered or related to the Hawaii Condominium Property Act.

Additionally, there is no evidence that compliance with mandatory arbitration pursuant to Haw. Rev. Stat. § 514B-162(a) would negatively impact other parties or would not provide substantial justice to the Parties in this case.

The Court finds that Plaintiff's Complaint is suitable to arbitration pursuant to Haw. Rev. Stat. § 514B-162(c).

//

//

//

//

//

//

//

23

**CONCLUSION**

Defendants' Motion to Compel Arbitration and Stay Litigation (ECF No. 27) is **GRANTED.**

Pursuant to Haw. Rev. Stat. § 658A-7(g), the proceedings are **STAYED** pending the arbitration.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 28, 2023.

Helen Gillmor
United States District Judge

Carl Straub, Jr. v. The Association of Apartment Owners of Wailea Ekahi; Carolyn Anthony; David Berman; Robert Curran; Richard Lindseth; Dan McKenna; Cathy O'Donohue; Civ. No. 23-00214 HG-WRP; **ORDER GRANTING DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF WAILEA EKAHI, CAROLYN ANTHONY, DAVID BERMAN, ROBERT CURRAN, RICHARD LINDSETH, DAN MCKENNA, AND CATHY O'DONOHUE'S MOTION TO COMPEL ARBITRATION AND STAY LITIGATION (ECF No. 27)**

24